**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **DEBRA ANNE YOUNG,** | §<br>§<br>§<br>§ | Case No.: |
| **Plaintiff,** | §<br>§ | |
| **v.** | §<br>§<br>§ | |
| **SHARKNINJA OPERATING LLC,** | §<br>§<br>§ | |
| **Defendant.** | §<br>§<br>§ | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **DEBRA ANNE YOUNG** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **COHENMALAD, LLP**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **SHARKNINJA OPERATING LLC** (hereafter referred to as "Defendant SharkNinja" or "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1.      Defendant designs, manufacture, markets, imports, distributes and sells consumer products such as blenders, which specifically includes the BL770 Series (referred to hereafter as "Ninja blender(s)") that is at issue in this case.

2.      On or about March 19, 2023, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly detaching from the blade base during the normal, intended use of the Ninja blender.

3.      The Ninja blenders are defectively designed and manufactured in that the unit's stacked blade assembly does not lock into place and is not secured to the gear shaft. When used in its normal and intended manner by consumers, the blade assembly can fall out of the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention. The Ninja

blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

4.    As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF DEBRA ANNE YOUNG

5.    Plaintiff Debra Anne Young is a resident and citizen of the City of Indianapolis, County of Marion, State of Indiana.  Plaintiff is therefore a resident and citizen of the State of Texas for purposes of diversity pursuant to 28 US.C. § 1332.

6.    On or about March 19, 2023, Plaintiff was using the blender designed, manufactured, marketed, imported, distributed, and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of blending and cooking when she sustained laceration injuries as the direct and proximate result of the blender's blade assembly detaching from the blade base during the normal, intended use of the blender. The incident occurred as the result of the Ninja blenders' defect(s), namely, the Ninja blender's use of an unsecured blade assembly.

## DEFENDANT SHARKNINJA OPERATING LLC

7.    Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

8.    Defendant SharkNinja Operating LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place

of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England.  Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja, Defendant is therefore a citizen of the United Kingdom, England, Massachusetts and Delaware for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION & VENUE

9.      This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

10.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff is a resident and citizen of this District.

11.      Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Texas and intentionally availed itself of the markets within Texas through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

12.      Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

13.      Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base");

a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

14.    To assemble the unit, the user first aligns and lowers the pitcher onto the motor base, then rotates the pitcher clockwise until the pitcher locks into place.  Next the user takes the blade assembly and places it onto the gear shaft.  Once the user has added the desired ingredients, the lid is placed on top of the pitcher and locked into place.

  

*See* Ninja BL770 Series Owner's Guide, pgs. 10-11

19.    Unlike the pitcher and the pitcher lid, the blade assembly does not lock into place, and is not otherwise secured to the gear shaft.  Instead, the blade assembly sits "loosely on the drive gear."[1]

20.    As a result, if the user pours the pitcher after removing the lid, or if the lid falls off the pitcher during pouring, the loose blade assembly can easily fall out of the pitcher and onto consumers, resulting in physical injuries such as severe lacerations.

---

[1] *See* Ninja BL770 Series Owner's Guide, pg. 10.  A copy of the Owner's Guide is attached hereto as "Exhibit A."

21.     Defendant SharkNinja became aware of this defect as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1 million of its Ninja BL 660 series blenders for this exact defect.[2]

22.     According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

23.     Despite its knowledge of these defects, Defendant SharkNinja has continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the BL770 blender involved in this case.

24.     The Ninja blenders have been designed, manufactured, packaged and sold in such a condition that consumers cannot safely use them in the intended manner without risk of physical injury.

25.     By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

26.     Plaintiff used her Ninja blender for its intended purpose of preparing food and drinks for herself and/or her family and did so in a manner that was reasonable and foreseeable by Defendant.

27.     However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly is able to fall out of the pitcher during

---

[2] *See* the CPSC Recall Notice from November 12, 2015 (https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders), a copy of which is attached hereto as "Exhibit B."

[3] *Id*.

the normal, intended use of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

28.    Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the stacked blade assembly does not lock into place and is not otherwise secured to the gear shaft.

29.    Economic, safer alternative designs were available that could have prevented the Ninja blender's blade assembly from easily falling out of the pitcher when it is poured or inverted. Examples of such designs include, but are not limited to, securing or affixing the blade assembly to the gear shaft or designing a blade assembly that locks into place.

30.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

31.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### INDIANA PRODUCT LIABILITY ACT

31.    Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

32.    At all times relevant herein, Defendant was in the business of designing, manufacturing, marketing and selling the Ninja Blenders to consumers such as Plaintiff.

33.    As designers, manufacturers, and sellers of the blender, Defendant is liable to Plaintiff for her injuries and damages under Indiana law as:

   a.    Plaintiff was harmed by the defective condition of the blender which permitted the explosive expulsion of hot contents out of the blender and causing Plaintiff severe burn injuries;

   b.    The defective condition existed at the time it was distributed or sold by Defendant;

   c.    Plaintiff was a foreseeable user or consumer of the blender;

   d.    Defendant was in the business of selling the blender; and

   e.    The blender reached the Plaintiff in the condition it was sold.

34.    As designed and manufactured, the blender was in a defective condition because at the time it was sold or otherwise distributed by the Defendant it was in a condition (a) not contemplated by reasonable persons among those considered expected users or consumers of the blender; and (b) that was unreasonably dangerous to the expected user or consumer when used in a reasonably expectable way of handling or consumption.

35.    As labeled, the blender was defective because Defendant failed to properly package the blender to give reasonable warnings of danger about the product and Defendant failed to give reasonably complete instructions on the proper use of the blender when the Defendant by exercising diligence, could have made such warnings or instructions available to Plaintiff.

36.    Defendant is strictly liable to Plaintiff for any manufacturing defect which permitted the blender to be distributed or sold in the defective condition.

37.    Defendant failed to exercise reasonable care under the circumstances in designing the blender which permitted the blender to be distributed or sold in the defective condition and are liable for Plaintiff's resulting injuries and damages under Indiana law.

7

38. Defendant failed to exercise reasonable care under the circumstances in providing the warning or instructions for the blender which permitted the blender to be distributed or sold in a defective condition and are liable for Plaintiff's resulting injuries and damages under Indiana law.

39. As a direct and proximate result of the defective condition of the blender, Plaintiff sustained injuries and damages for which Defendant is liable under Indiana law.

## INJURIES & DAMAGES

40. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

41. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

8. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A.  That Plaintiff has a trial by jury on all of the claims and issues;

B.  That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C.  That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendants' defective blender;

D.  That all costs be taxed against Defendant;

E.  That prejudgment interest be awarded according to proof; and

F.  That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**COHENMALAD, LLP**

Dated: March 11, 2025

*/s/ Lynn A. Toops*
Lynn A. Toops, Esq. (No. 26386-49)
Amina A. Thomas, Esq. (No. 34451-49)
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481
ltoops@cohenmalad.com
athomas@cohenmalad.com

*In association with*:

.

 **JOHNSON BECKER, PLLC**

Adam J. Kress (MN#0397289)
*Pro Hac Vice to be filed*
Anna Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
         arick@johnsonbecker.com